IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN D. HILLIN <br> (BOP Register No. 25915-001), <br><br> Petitioner, <br><br> V. <br><br> DJ HARMON, Warden FCI Seagoville, <br><br> Respondent. | § § § § § § § § § § § | No. 3:16-cv-1445-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner John D. Hillin, a federal prisoner, not convicted but incarcerated in this district, has filed a habeas petition under 28 U.S.C. § 2241. This habeas action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of jurisdiction.

**Background**

> On September 21, 2006, John Hillin pled guilty to all eleven counts of an indictment charging him with one count of possession of child pornography, three counts of distribution of child pornography, and seven counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(a)(1) and 2252A(a)(2)(A). On February 9, 2007, the District Court sentenced Hillin to 40 months on the possession count and, consecutively to that sentence, 120 months on the remaining counts for a total sentence of 160 months. Hillin did not appeal from these convictions or sentences.

*United States v. Hillin*, 599 F. App'x 356, 356 (11th Cir. 2015) (per curiam) (affirming

district court's denial of Hillin's 2010 *pro se* "Motion to Correct the Record Nunc Pro Tunc").

This action was opened upon receipt of Hillin's Notice of Intent to File 28 U.S.C. § 2241 and Request for an Extension of Time. *See* Dkt. No. 3. Because Hillin appeared to indicate through that filing that he was challenging the execution of his sentence, *see id.* at 1 (referencing an appeal of "Administrative Remedy No. 834191-A1, pursuant to [Section] 2241"), a notice of deficiency was entered, requiring Hillin to file an amended petition no later than June 30, 2016, *see* Dkt. No. 4.

But Hillin's amended petition [Dkt. No. 5] indicates that he is not challenging an administrative decision but his underlying sentence, entered by the United States District Court for the Northern District of Alabama, *see id.* at 5-8 (raising as grounds: "failure to group offenses under U.S.S.G. § 3D1.2"; "unlawful cumulative punishment"; "absence of clear congressional intent in a sentence imposed for lesser included offenses"; "failure to apply the rule of lenity in regard to greater and lesser included offenses concerning ambiguity"; "unreasonable application of the term of supervised release," and requesting that his sentence be modified to "run concurrent for a total of 120 months incarceration"); *see also id.* at 8 (indicating that a "Motion 60B," raising the same grounds, has been filed in the sentencing court).

**Legal Standards and Analysis**

28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)

(quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)); *see also id.* at 1113-14 (concluding that a ground alleging "that the sentencing court improperly imposed supervised release" – similar to Hillin's various sentencing claims – "concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255").

"[A] collateral attack of any alleged error that may be remedied under section 2255 must be brought before the sentencing court." *Id.* at 1113 n.2. And "[a] petition for writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255." *Charles v. United States*, Civil No. 6:14-2797 & No. 6:03-CR-60045, 2015 WL 4742231, at *2 (W.D. La. Aug. 6, 2015) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)). "Accordingly, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion." *Id.* (citations omitted); *see also Wise v. Kastner*, Civ. A. No. H-07-0144, 2007 WL 332257, at *2 (S.D. Tex. Jan. 31, 2007) ("Because this Court lacks jurisdiction over Wise's challenge to his conviction and sentence, it must decide whether to dismiss the case or, in the interests of justice, whether to transfer it to the sentencing court." (citations omitted)).

Here, Hillin has filed a motion in the sentencing court raising the same grounds as appear to be asserted in the Section 2241 petition filed in this Court. *See* Dkt. No. 5 at 8. Moreover, the sentencing claims Hillin wishes to raise were known to him at the time his convictions became final – more than nine years ago. *Cf. United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (per curiam) ("We conclude that

Jackson's motion is untimely under [28 U.S.C.] § 2255(f)(4). The 'facts supporting the claim ... presented,' specifically that Jackson's attorney allegedly incorrectly advised him that his federal sentence would run concurrently with his state sentence, could have been discovered immediately after Jackson's sentencing in federal court."). Therefore, in addition to already being before a court with jurisdiction over them, the claims are likely time barred. As such, the interests of justice favor dismissal over transfer under 28 U.S.C. § 1631. *Cf. Wise*, 2007 WL 332257, at *2 ("Where, as here, a criminal defendant has already pursued more than one motion to vacate under 28 U.S.C. § 2255, the interests of justice do not favor a transfer. Accordingly, the Court will dismiss this case for lack of jurisdiction.").

## Recommendation

The Court should dismiss this action for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 7, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE